**SO ORDERED.**

**SIGNED February 15, 2023.**



_____
**JOHN W. KOLWE**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re: | Case No. 22-20302 |
| Terry Graham Trucking Incorporated<br>*Debtor* | Chapter 7 |
| | Judge John W. Kolwe |

**REASONS FOR RULING**

Section 303 of the Bankruptcy Code allows a single creditor to commence an involuntary chapter 7 or chapter 11 bankruptcy proceeding against a person or entity if the following conditions are met: (i) the creditor holds a claim against the person that is neither contingent nor disputed as to liability or amount, which is in an amount that is at least $18,600; (ii) there are fewer than 12 holders of noncontingent, undisputed claims against the person; and (iii) the alleged debtor is generally not paying such debtor's debts as they become due.[1] Bradley and Tracey Day, the Petitioners in this involuntary action, claim that all three of these factors are met in this case, and have moved for summary judgment requesting that the Court enter an

_____
[1] *See* 11 U.S.C. § 303(b) and (h).

order of relief under chapter 7 of the Code. The defendant and alleged debtor, Terry Graham Trucking Incorporated ("Graham Trucking"), opposes the motion on two primary grounds. First, it contends that the Petitioners' claim is still contingent because it is based on a judgment that is on appeal and thus not final. Second, it claims that a certain corporate deposition of Graham Trucking submitted by the Petitioners in support of their motion is not admissible in this proceeding under Fed. R. Civ. P. 32. If it is excluded, Graham Trucking contends the Petitioners cannot meet their evidentiary burden of showing that there are fewer than 12 claimants against the alleged debtor and that the alleged debtor is not paying its creditors.

The parties fully briefed the issues, and the court held a hearing on the motion on January 18, 2023. The Court has considered the parties' pleadings, the summary judgment evidence, as well as the arguments of counsel, and for the following reasons the Court grants the Petitioners' motion and will enter an order of relief under chapter 7 of the Code.[2]

## BACKGROUND

Following a jury trial in Louisiana state court in January 2022, a verdict was rendered in favor of the Petitioners against Graham Trucking and one of Graham Trucking's employees, Elvis Dean Thompson ("Thompson"), in the total amount of $3,926,849.17.[3] This judgment resulted from an accident that occurred on one of the interstate highways in Lake Charles, Louisiana, when one of Graham Trucking's 18-wheelers, being driven by Thompson, rearended a vehicle being driven by Tracey Day. The impact caused Tracey Day's vehicle to collide with a vehicle in front of her driven by Teresa Jeffries.

Three lawsuits resulted from the crash. First, Bradley and Tracey Day sued Graham Trucking, Thompson, and Graham Tucking's insurer, Prime Insurance Company ("Prime Insurance"), for their injuries. Ms. Day's employer intervened in

---

[2] This written opinion sets forth, and in certain instances supplements, the Court's oral reasons for judgment, which were read into the record of this matter on February 1, 2023.

[3] Petitioners' Statement of Uncontested Facts, ECF # 25-2, ¶ 1.

2

the suit, asserting a claim against the defendants for workers' compensation benefits it had paid to Ms. Day. Second, Teresa Jeffries sued Graham Trucking, Thompson, and Prime Insurance for the injuries she suffered in the crash. Third, Ms. Jeffries' insurer, Financial Indemnity Company, sued Graham Trucking, Thompson, and Prime Insurance to recover the amounts it had paid on Ms. Jeffries' property damage claim. All three suits were consolidated into the Days' first filed action but were severed for purposes of trial.

Teresa Jeffries' suit was tried first, in October 2019, and a $2,508,853 verdict was rendered in her favor. The verdict was affirmed following a suspensive appeal and presumably paid thereafter by Prime Insurance. The suit filed by Financial Indemnity Company was also settled and dismissed.

This left the Days' suit, which, as noted, resulted in a nearly $4 million verdict in their favor. (The judgment also granted recovery to Ms. Day's employer.) Following this verdict, Graham Trucking filed a crossclaim in the Days' state court action against Prime Insurance in March 2022 asserting a bad faith claim in accordance with Louisiana insurance law (for actions that resulted in an excess judgment against Graham Trucking). Graham Trucking sought damages, including punitive damages, and attorney's fees, as allowed by La. R.S. 22:1973. This crossclaim was dismissed with prejudice on or about June 3, 2022.[4]

In the meantime, Graham Trucking and Thompson filed a devolutive appeal of the judgment in favor of the Days.[5] A devolutive appeal does not suspend or stay the effect of a judgment. Thus, the Days began taking steps to collect their judgment, beginning with a judgment debtor examination of Graham Trucking in August 2022. Terry Graham appeared at this exam as the corporate representative of Graham Trucking.[6] Among other things, Mr. Graham's testimony established that Graham Trucking (i) ceased all operations on March 17, 2017, the day of the accident involving

---

[4] *Id.*, ¶¶ 3 and 4.

[5] *Id.*, ¶ 2.

[6] *Id.*, ¶ 5.

Tracey Day, (ii) has no liabilities other than the judgment in favor of the Days and Ms. Day's employer, and (iii) is not paying its creditors, and has no intention of paying the Day's judgment.[7] It was also disclosed during the deposition that Graham Trucking's crossclaim against Prime Insurance was dismissed as the result of a settlement. However, Mr. Graham was instructed by Graham Trucking's counsel not to disclose the details of the settlement because the settlement agreement contains a confidentiality provision.[8]

The Petitioners contend that Graham Trucking's crossclaim, which, as noted, asserted a bad faith claim against Prime Insurance, may have been the only asset of Graham Trucking available to pay the Petitioners' judgment. They also contend that the settlement agreement between Graham Trucking and Prime Insurance may be avoidable under the Bankruptcy Code. Thus, they filed this action approximately two weeks following the completion of the deposition of Graham Trucking with, presumably, the hope that Graham Trucking will be placed in a chapter 7 proceeding and that a chapter 7 trustee will evaluate the settlement agreement and determine whether it may be avoidable under the Bankruptcy Code.

## **SUMMARY JUDGMENT STANDARDS**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[9] "The movant's initial burden is 'to demonstrate that no genuine issue of material fact exists.' If the movant satisfies that initial burden by establishing the 'absence of evidence to support an essential element of the non-movant's case, the burden shifts to the party opponent to establish that there is a genuine issue of material fact.'"[10] "A genuine dispute of material fact is one that could

---

[7] *Id.*, ¶¶ 6(a) through (f).

[8] *Id.*, ¶ 6(g).

[9] Fed. R. Civ. P. 56(a). Rule 56 is applicable to adversary proceedings. *See* Fed. R. Bankr. P. 7056.

[10] *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd sub nom.*, *Sossamon v. Texas*, 563 U.S. 277, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011) (quoting *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005); footnotes omitted).

4

affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party."[11]

"A court views the facts and evidence in the light most favorable to the non-moving party at all times."[12] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact."[13] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[14] "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[15]

## LAW AND ANALYSIS

### *§ 303 of the Code.*

Involuntary bankruptcy proceedings are authorized and governed by § 303 of the Bankruptcy Code. Ordinarily, it takes at least three creditors, acting in concert, to commence an involuntary bankruptcy proceeding.[16] But § 303(b) allows a single creditor to commence an involuntary bankruptcy proceeding against "a person" provided certain requirements are met. First, the entity commencing the action must be "a holder of a claim against such person that is not contingent as to liability or the subject of bona fide dispute as to liability or amount" and such noncontingent,

---

[11] *Supreme Service & Specialty Co., v. Bennu Oil & Gas, LLC (In re ATP Oil & Gas Corporation)*, 550 B.R. 110, 114 (Bankr. S.D. Tex. 2016) ("*ATP*") (citing *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013)).

[12] *ATP*, 550 B.R. at 110 (citing *City & Cnty. of S.F., Cal. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 1769, 191 L. Ed. 2d 856 (2015))

[13] *ATP*, 550 B.R. at 114-15 (citing Fed. R. Civ. P. 56(c)(1)).

[14] Fed. R. Civ. P. 56(c)(2).

[15] Fed. R. Civ. P. 56(c)(4).

[16] 11 U.S.C. § 303(b)(1).

5

undisputed claims" must "aggregate at least $18,600."[17] Second there must be "fewer than 12. . .holders" of noncontingent, undisputed claims against such person, "excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a)" of the Bankruptcy Code.[18] Third and finally, in cases where an involuntary petition has been "timely controverted," as it has been here, it must be shown "the debtor is generally not paying such debtor's debts as such debts become due."[19] If all of these requirements are met, the court "shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed."[20]

Based on the Court's review of the summary judgment evidence, and for the reasons that follow, the Court finds that all three of these requirements are satisfied in this case, and the Court will therefore enter an order of relief under chapter 7 of the Code.

***The Petitioners hold a noncontingent, undisputed claim exceeding $18,600.***

The summary judgment record includes the judgment entered by the state court following the jury verdict. It also contains Graham Trucking's Devolutive Appeal.[21] Under Louisiana law a devolutive appeal does not suspend or stay the effect or the execution of a judgment.[22] And, as this Court has previously held in *In re Williams*, "[a] claim arising from an unstayed state court judgment is not subject to bona fide dispute as to liability or amount."[23] Thus, the Petitioners assert their claim

---

[17] *Id.*

[18] 11 U.S.C. § 303(b)(2).

[19] 11 U.S.C. § 303(h)(1).

[20] *Id.*

[21] *See* Petitioners' Statement of Uncontested Fact, ECF # 25-2, ¶¶ 1 and 3, and the corresponding referenced exhibits.

[22] *See* La. Code Civ. Proc. art. 2087.

[23] *In re Williams*, 636 B.R. 720, 735 (Bankr. W.D. La. 2021) (citing *In re Henry S. Miller Commercial, LLC*, 418 B.R. 912, 921-22 (Bankr. N.D. Tex. 2009), and *In re Drexler Assocs., Inc.*, 57 B.R. 312, 314 (Bankr. S.D.N.Y. 1986) ("[A] judgment which has not been stayed constitutes a claim which is neither contingent nor the subject of a bona fide dispute.")).

6

is not subject to bona fide dispute as to liability or amount, even though the devolutive appeal of the judgment is still pending.

Graham Trucking agrees that an unstayed judgment generally satisfies the first requirement to maintain an involuntary petition, but nonetheless contends that there are exceptions to this general rule. Indeed, in *In re Henry S. Miller Commercial, LLC*, the court noted that an unstayed judgment does not create an irrebuttable presumption of no bona fide dispute, just a presumption: "To be clear: An appeal alone does not create a bona fide dispute. But a highly specialized fact pattern can conceivably guide a court to make an exception to the general rule recognizing the finality/enforceability of an unstayed judgment."[24]

Graham Trucking argues that such a specialized fact pattern exists here, directing the Court's attention to the Motion for Devolutive Appeal, which shows that two final judgments were signed by the state trial court.[25] The first was signed on May 11, 2022, and a second one was signed on June 2, 2022. The Motion for Devolutive Appeal states that the judgment debtors are appealing the first signed judgment, but then states to the extent the "near duplicative" judgment signed June 2, 2022, has any legal effect, it is also being appealed. Despite this reference to two judgments in the notice of appeal, the Petitioners submitted only the later signed judgment with the summary judgment evidence.[26]

The absence of the first signed judgment from the Petitioners' summary judgment evidence led Graham Trucking to speculate that perhaps the trial court

---

[24] *In re Henry S. Miller Commercial, LLC*, 418 B.R. at 922. The court there gave examples of "specialized fact patterns" that may lead a court not to follow the general rule: "If there are objective circumstances that might give rise to a bona fide dispute as to liability or amount (*e.g.*, perhaps a default judgment where facts were not actually litigated; perhaps a judgment inadvertently entered against a non-party; perhaps where subsequent events cast doubt upon the judgment's enforceability, such as due to a payment of the judgment debt or posting of a bond, or even some sort of appellate court holding in another case that changes the law and suggests it is inevitable that the unstayed judgment will be reversed), then having an unstayed judgment may not pass muster under Section 303. . . ." *Id.* at 921-22.

[25] Graham Trucking's Motion for Devolutive Appeal is attached to the Petitioner's Statement of Uncontested Fact as Exhibit No. 3, and can be found at ECF # 25-5.

[26] *See* ECF # 25-4.

had varied the later signed judgment without a properly noticed motion for new trial and corresponding hearing. Based on this supposition, Graham Trucking claims that under Louisiana law there is a possibility the later judgment will be rendered a nullity.

Notably, Graham Trucking did not supply the Court with any evidence showing that a motion for new trial and/or hearing was held by the state court that would have resulted in the second judgment. However, given the position taken by Graham Trucking, the Petitioners obtained a copy of the first signed judgment.[27] A comparison of this judgment to the later signed judgment originally submitted by the Petitioners shows that the two judgments are the same except for some minor spacing differences. The Petitioners also discovered that there was a third judgment signed by the state court on May 23, 2022.[28] This judgment also appears to be identical to the other signed judgments, but it does not appear that this judgment was appealed.

While the Court admits it is unusual to have three essentially identical signed judgments entered by a court following a jury trial, the parties have not provided the Court with any authority indicating that this fact alone would cause the jury verdict to be a nullity. It simply appears multiple essentially identical judgments were submitted to the state court, and the judge signed all of them. As noted by Graham Trucking and Thompson in the devolutive appeal, the first signed judgment likely governs since all the judgments are essentially identical, and there is no reason to believe that the existence of multiple signed judgments will cause the Petitioners' judgment to be reversed or annulled. This is especially true where all three judgments are for the same amount and set forth the same jury verdict.

Moreover, the Court does not find that the existence of three signed, identical trial court judgments represents such a specialized fact pattern as to call the Petitioners' jury verdict into question. Thus, the Court finds the general rule regarding unstayed judgments applies here, and thus concludes that the Petitioners'

---

[27] *See* ECF # 35, Exhibit B.
[28] *See* ECF #32-2.

claim, which is based on an unstayed judgment, is not subject to bona fide dispute as to liability or amount. Accordingly, the Petitioners have satisfied the first requirement for maintaining this involuntary chapter 7 proceeding.

***Graham Trucking has fewer than 12 creditors and is not paying its debts as they come due.***

The Court next turns to the last two requirements of § 303 when fewer than three persons holding claims against an entity file an involuntary petition—that there be fewer than 12 holders of noncontingent, undisputed claims and that the alleged debtor is not paying such debtor's debts as they become due. The Petitioners rely upon the transcript of the corporate deposition of Graham Trucking to establish these facts.[29] Based on the Court's review of this evidence, the representative appearing on behalf of Graham Trucking, Terry Graham, established that the company had no creditors other than the Petitioners and Ms. Day's employer. He also stated that the company is not and will not be paying these claimants. These statements certainly appear to satisfy the last two requirements for the Petitioners to prevail in their involuntary petition against Graham Trucking.

Graham Trucking has not attempted to refute these statements with any evidence of its own. Rather, it claims that the judgment debtor examination should be excluded from the summary judgment evidence under Fed. R. Civ. P. 32(a)(8) of the Federal Rules of Civil Procedure ("A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extend as if taken in the later action. . . .").[30] Graham Trucking contends that this proceeding, which seeks to place Graham Trucking in an involuntary chapter 7 bankruptcy proceeding, does not involve the same subject matter as the action in which the judgment debtor exam was taken, which involved

---

[29] *See* Petitioners' Statement of Uncontested Fact, ECF # 25-2, ¶ 6(a)–(f) and the excerpts from the Transcript of the judgment debtor exam, found at ECF #25-6. An authenticated copy of the entire judgment debtor exam is included in the summary judgment evidence at ECF 33-1.

[30] Fed. R. Civ. P. 32 applies to this proceeding under Fed. R. Bankr. P. 7032.

9

the Petitioners' attempts to execute on the judgment in accordance with Louisiana law.

Although Fed. R. Civ. P. 56 does not specifically address whether depositions from a prior action may be used in support of a motion for summary judgment in a later filed action, the Fifth Circuit has approved their use.[31] What is more, Fed. R. Civ. P. 32, by its own terms, only governs the use of depositions "at a hearing or trial."[32] It is for this reason that courts have held that Fed. R. Civ. P. 32 should not be used to restrict summary judgment evidence, and as one court summarized, "many courts have approved the use of sworn testimony on summary judgment, even if that testimony may not satisfy Rule 32(a)(8)."[33] "Evidence considered on summary judgment need not be presented in a form actually admissible at trial, and instead must merely be capable of being presented in admissible form."[34]

Here, the Petitioners could readily submit the evidence encompassed in the judgment debtor exam in admissible form at trial by, for example, calling a corporate representative of Graham Trucking, which is the only named defendant in this matter. Accordingly, the Court overrules Graham Trucking's objection to the

---

[31] *See Kelly v. Price-Macemon, Inc.*, 992 F.2d 1408, 1415 n.12 (5th Cir. 1993) ("In the instant case, however, the district court, in adjudicating Industrial's motion for summary judgment, primarily relied upon the testimony offered at the prior trial. Although Rule 56 does not expressly contemplate the use of such evidence in granting summary judgment, we find no error in relying upon such evidence. It is well-settled that a certified transcript of a judicial proceeding may be considered on a motion for summary judgment. *See Langston v. Johnson,* 478 F.2d 915, 918 (D.C.Cir.1973) (citing cases); *see also Randolph v. Laeisz,* 896 F.2d 964, 970 (5th Cir. 1990) (considering—without discussion—the testimony given during the trial of the main action on a motion for summary judgment in a severed action); *Downes v. Beach,* 587 F.2d 469, 471–72 (10th Cir. 1978) (holding that the record of the prior proceeding was properly considered on a motion for summary judgment after a new trial was granted).").

[32] Fed. R. Civ. P. 32(a)(1).

[33] *See Cortez v. Lamorak Ins. Co.*, 2022 WL 356168, at *3 (E.D. La. Feb. 7, 2022) (citing *Gamble v. FCA US LLC*, 993 F.3d 534, 538 (7th Cir. 2021); *Kelley v. Price-Macemon, Inc., Id.* at 1415 n.12; *Tingey v. Radionics*, 193 F. App'x 747, 765–66 (10th Cir. 2006) (treating a deposition as if were an affidavit in the summary judgment context); *Bingham v. Jefferson Cnty.*, No. 11-48, 2013 WL 1312563, at *6 (E.D. Tex. Mar. 1, 2013), *report and recommendation adopted as modified*, No. 11-48, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013) (same)). *See also Tijerina-Salazar v. Venegas*, 2022 WL 1927007, at *21 (W.D. Tex. June 3, 2022).

[34] *Cortez*, 2022 WL 356168, at *3 (citing Fed. R. Civ. P. 56(c)(2)).

admissibility of the judgment debtor exam, finding it to be competent summary judgment evidence.[35]

The Court, therefore, has considered the testimony of Graham Trucking's corporate representative, Terry Graham, and finds that this testimony establishes that Graham Trucking has fewer than 12 claimants, and that Graham Trucking is not paying its debts as they come due. Given these findings, and the Court's conclusion that the Petitioners' unstayed judgment is not contingent or disputed as to amount or liability, the Petitioners have satisfied the express requirements of § 303 of the Bankruptcy Code.

The Court will next consider Graham Trucking's argument that the motion for summary judgment should be denied on the grounds that the Petitioners' involuntary proceeding represents a bad faith filing.

### *Good Faith under § 303 of the Code.*

Graham Trucking's last argument is that the Petitioners did not file the involuntary petition in good faith. In essence, Graham Trucking contends bad faith exists here because this is a case of a single creditor attempting to use the bankruptcy process to collect a single debt. Indeed, Graham Trucking has cited a case in which the court held that "[o]ne-creditor cases are disfavored, and an involuntary petition for purposes of collecting a single debt will not be approved unless the creditor has been the victim of a fraud, trick, or artifice on the part of the debtor or is completely bereft of any adequate remedy under non-bankruptcy law."[36] Put simply, Graham

---

[35] Graham Trucking also argued that the judgment debtor exam should be excluded as hearsay under Fed. R. Civ. P. 32 because it does not state that the corporate representative, Terry Graham, is an officer of the company, citing *In re Cool, Cool, Water, LLC*, 2007 WL 1071943, p. 13 (Bankr. D.N.J. 2007) ("To constitute non-hearsay, three requirements must be met for use of the deposition transcript of a designated corporate officer on a motion for summary judgment: (i) the deposition must be introduced by an adverse party; (ii) *the person deposed must be an officer of the business entity; and (iii) the person deposed must continue to serve in their capacity as officer at the time of deposition.*" (emphasis added). The Court rejects this argument for the reasons already stated. Moreover, the summary judgment evidence unambiguously shows that Terry Graham was at the time of the deposition, and currently, the president of the company. *See* ECF #35, pp. 32-33.

[36] *In re Valdez*, 1999 WL 33495189 *2 (Bankr. D. Oregon Mar. 29, 1999), *aff'd*, 250 B.R. 386 (D. Oregon 1999) (citing *7H Land & Cattle Company*, 6 B.R. 29 (Bankr. D. Nev. 1980)).

11

Trucking is arguing that courts should not countenance single creditor cases even though § 303 allows them and the requirements to maintain such an action have been met.

At the outset, the Court notes that the Bankruptcy Code does not require a single creditor in an involuntary case to show that such creditor has been a victim of fraud, trick, or artifice. Moreover, the Court considered and rejected this same argument in *In re Williams*, stating:

> The Court notes that § 303 sets out specific standards a petitioning creditor must meet, and good faith is not among them at the threshold stage. The Court agrees with the Bankruptcy Court for the Eastern District of Louisiana, which recently held: "In the absence of direct instruction from the Fifth Circuit, this Court agrees with other courts in this Circuit and finds that, given this Court's finding that the Petitioning Creditors have carried their burden under §§ 303(b) and (h) for filing the involuntary petition against [the putative debtor], consideration and a finding of bad faith would be inappropriate. As explained by the court in *In re On-Site Fuel Services* [No. 18-04196, 2019 WL 2252003, at *9 (Bankr. S.D. Miss. May 24, 2019)], an argument that a bankruptcy court should dismiss an involuntary petition for bad faith even when the petitioning creditors satisfy § 303's requirements 'is without merit because this Court lacks the authority to arbitrarily impose non-statutory requirements to the procedure for filing involuntary petitions as set forth in the Code.'" *In re Seven Three Distilling Co., L.L.C.*, No. 21-10219, 2021 WL 3814802, at *6 (Bankr. E.D. La. Aug. 4, 2021) (most citations omitted). The Eastern District, like the *On-Site Fuel Services* court, ultimately relied on *Law v. Siegel*, 571 U.S. 415, 427, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014), which generally prohibits a bankruptcy court from imposing additional requirements beyond those set out in the Bankruptcy Code.[37]

The Court stands by its holding in *In re Williams*. If a petitioning creditor meets its burden under §§ 303(b) and (h) for filing the involuntary petition against

---

[37]*In re Williams*, 636 B.R. at 729 f. 15.

the putative debtor, consideration and a finding of bad faith would be inappropriate. Graham Trucking's arguments to the contrary simply are not supported by the Code or applicable jurisprudence from bankruptcy courts in the Fifth Circuit.

## **CONCLUSION**

The Petitioners have met their burden under §§ 303(b) and (h) of the Code by establishing that they hold a noncontingent, undisputed claim exceeding the statutory threshold, and by showing that Graham Trucking has fewer than 12 creditors and that it is not paying its debts as they come due. Accordingly, the Court will enter an order of relief under chapter 7 of the Bankruptcy Code.